**Robert Hamilton**
**Office of the Federal Public Defender**
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
(503) 326-2123 Telephone
(503) 326-5524 Facsimile
robert_hamilton@fd.org

**Attorney for Defendant**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                           **Plaintiff,**<br><br>      v.<br><br>**JESSE HERMAN BATES,**<br><br>                           **Defendant.** | Case No. 3:20-cr-00435-SI<br><br>**MOTION FOR MODIFICATION OF PRETRIAL RELEASE CONDITIONS**<br><br>*Hearing Requested* |

      Jesse Herman Bates, through his attorney, Robert Hamilton, respectfully moves the Court for a modification of his pretrial release conditions. The Bail Reform Act provides that "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). Specifically, Mr. Bates moves to modify the conditions of release to order him released on his own recognizance pursuant to 18 U.S.C. § 3142(b), and the mandatory conditions therein. Assistant United States Attorney Thomas Ratcliffe opposes this motion. Pretrial Officer Kevin McGlothen takes no position.

## INTRODUCTION

Mr. Bates is charged with one count of Civil Disorder, 18 U.S.C. § 231(a)(3), for an incident that occurred during a Black Lives Matter protest that occurred in July of 2020. He was originally charged in state court but the state charges were not pursued. Since his first appearance on the criminal complaint in federal court on September 2, 2020, Mr. Bates has been released on conditions, including requiring him to report to a pretrial officer. For the reasons expressed below, including the nature of the charges, the weight of the evidence, and Mr. Bates' personal history and current circumstances, Mr. Bates respectfully requests a modification of his release conditions to permit him to be on release on his own recognizance.

## BACKGROUND

Mr. Bates made his first appearance in federal court on a criminal complaint on September 2, 2020. CR 5. The criminal complaint alleged a violation of the Civil Disorder statute, 18 U.S.C. § 231(a)(3), for conduct related to a Black Lives Matter protest that had occurred on July 13, 2020. In short, that statute criminalizes interference with a law enforcement officer or firefighter during the performance of their duties incident to a civil disorder that in any way affects interstate commerce. The affidavit in support of the criminal complaint alleged that on that evening, approximately 300 protesters were in the immediate vicinity of SW 3rd Ave and SW Main in downtown Portland, where the incident occurred, around 2:00 am. CR 1-1, ¶ 5. Around that time, a firefighter medic (FFM) who was walking through the area was shot in the chest with a metal ball bearing from a slingshot, and that "a Multnomah county Sheriff's Deputy saw the suspect on camera and identified Bates as the slingshot shooter." CR 1-1, ¶ 5. The FFM suffered a bruise but was otherwise unharmed. Mr. Bates was arrested on state charges that evening, but the state charges were not pursued. The United States decided to charge him in federal court approximately

a month and a half later. Mr. Bates was ordered released at his first appearance on conditions, including a condition that he report to U.S. Pretrial Services as directed and that he abide by drug testing conditions as directed. CR 6.

Mr. Bates lives in the Seattle area, and thus an officer in the Western District of Washington performs courtesy supervision. Mr. Bates is essentially homeless, relying on the goodwill of friends and acquaintances to provide him a place to sleep. When he is in between places, he has to sleep in a tent or on porches. He has been able to stay at his current address for the last couple of months, but the long term availability of this location is uncertain. Mr. Bates is also poor, and has difficulty paying to keep his phone on. When his phone is off, Mr. Bates borrows phones of friends to send text messages or calls. He also struggles to pay for bus fare. Due to COVID, the Seattle downtown Pretrial office has been closed for UA testing, and Mr. Bates has been instructed he has to go to Tukwila for UA's. Mr. Bates is in North Seattle, and the trip to Tukwila is long and costs money he does not have. Mr. Bates' circumstances has made supervising him difficult for his Pretrial Officer, and complying with supervision to exact specifications difficult for Mr. Bates.

On September 25, 2020, Mr. Bates was arraigned on a one count indictment for violation of the Civil Disorder statute. CR 15; CR 18. Notably, the Indictment alleges that Mr. Bates "knowingly *attempted* to commit a violent act for the intended purpose of obstructing, impeding and interfering with firefighters . . ." in violation of 18 U.S.C. 231(a). CR 15. There is no dispute that section 231(a)(3) criminalizes "attempts" as well as the substantive crime, but what is noteworthy is that the charge of "attempt" in this case is inconsistent with the allegations in the earlier criminal complaint, which claimed that Mr. Bates had shot the FFM with a slingshot. CR 1-1. Mr. Bates entered a not guilty plea. At the time of arraignment, Mr. Bates had not received discovery.

Page 3   MOTION FOR MODIFICATION OF PRETRIAL RELEASE CONDITIONS

On October 22, 2020, a pretrial release violation was held. Mr. Bates was issued a summons and he appeared for the hearing by phone as directed. Mr. Bates admitted to the violations that he had used a controlled substance causing a positive urinalysis on September 15, and that he failed to report for testing on two subsequent dates. Pretrial also expressed concern that Mr. Bates was hard to reach. He was continued on supervision and an amended order setting conditions of release was issued that added a condition that Mr. Bates participate in a drug and alcohol assessment as directed by U.S. Pretrial Services. CR 25.

On the same date as the pretrial violation, October 22, 2020, the government provided discovery. The discovery consists of 351 pages, including three surveillance videos from the Multnomah County Sheriff's Office from the evening in question. Of significance, the discovery contains no reports describing any first hand witness account of Mr. Bates shooting the FFM with a slingshot. The FFM is interviewed, and states he did not see who fired the slingshot. The MCSO who controlled the surveillance videos that evening also is interviewed and does not mention observing Mr. Bates fire the slingshot, only that he observed Bates with a slingshot after hearing of the incident with the FFM. Consistent with that statement, the three videos provided show: 1) a person who appears to be Mr. Bates approximately an hour before the incident kneeling by a pallet in the street that protesters are trying to light on fire, a slingshot appears to be sticking out of the person's back pocket, 2) a person who appears to be Mr. Bates approximately 25 minutes after the incident with a group of 3-4 other individuals, the group appears to be passing around a slingshot and individuals are taking turns shooting at a building, and 3) approximately two hours after the incident, a video shows Mr. Bates in the park near the intersection hanging out for a few minutes, and then the officers are seen running into the park and chasing Mr. Bates down and arresting him. Two slingshots were observed in a tent Mr. Bates and others were sitting near and were seized.

Page 4   MOTION FOR MODIFICATION OF PRETRIAL RELEASE CONDITIONS

The incident itself does not appear to have been captured on video, although the defense has requested its production. To date, despite requests from defense counsel, there is nothing in discovery that supports the government's charge that Mr. Bates shot the FFM with a slingshot, or attempted to shoot the FFM or any other law enforcement member with a slingshot.

On January 21, 2021, Mr. Bates filed a motion to dismiss the indictment, on grounds that the Civil Disorder subsection charged is unconstitutional because it lacks a sufficient nexus to interstate commerce, violates the First Amendment, and is unconstitutionally vague in violation of the Due Process Clause. CR 29. The trial date has been stricken pending the court's ruling on this motion, and under the current briefing schedule the Government's response is due March 15, 2021, and the Defendant's reply is due March 29, 2021. CR 31.

On January 28, 2021, Pretrial Officer Kevin McGlothen contacted the parties to convey that Mr. Bates was continuing to have problems with reporting as directed, that the Pretrial Officer from Washington was requesting that Mr. Bates be removed from supervision, and Officer McGlothen wanted the parties' thoughts. Undersigned counsel for Mr. Bates was in favor given the totality of the circumstances, the government was opposed. This led to the present motion being filed.

**ARGUMENT**

This court has authority to modify conditions of release. 18 U.S.C. § 3142(c)(3). The court, in determining the conditions of release necessary to assure the appearance of the person as required and the safety of the community, shall consider the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community. 18 U.S.C. 3142(g).

**Nature and Circumstances of the Offense Charged and Weight of the Evidence Against the Person**- Mr. Bates is charged with a Class D Felony for conduct related to protests that occurred in Portland last summer. Although originally alleged to have interfered with a firefighter performing his duties incident to a civil disorder that affected interstate commerce, specifically by having shot a FFM with a slingshot, the subsequent Indictment deviated from that allegation and instead charged that Mr. Bates attempted to interfere with such duties but failed to detail any specifics. Subsequent discovery provides no evidence that Mr. Bates shot or attempted to shoot any person with a slingshot, whether law enforcement, firefighter, or otherwise. To date, Mr. Bates is uncertain of the basis for the charge levelled against him.

**History and Characteristics of the Person**- Mr. Bates is 38 years old. He grew up in Florida but moved to Washington in 2018. He worked at Harrington Industrial Plastics but was furloughed at the beginning of the pandemic. He received unemployment for a time but is no longer receiving it. He has also worked at various restaurants over the years. Regarding criminal history, he has a handful of driving related offenses between 2008 and 2016, and some drug possession and property related crime before 2008 (including a 1999 Criminal Mischief in the First Degree, Possession of a Controlled Substance offenses in 2007 and 2008, and a Fleeing in 2008). Since his release in this matter, he has not had police contact. However, due to his financial circumstances, he has not had a stable living situation, and struggles to keep his phone operating at all times. This has admittedly led to some problems in his supervision, although he does call or text when he is able, and also contacts his counsel when he is able. He has appeared in court as required.

**Nature and Seriousness of the Danger to Any Person or the Community**- As stated above, Mr. Bates was arrested during a protest. He does not have a violent history and strongly

contests the allegations in this matter. He has not had police contact while on release. His release status poses a low risk to the community.

To address the difficulties Pretrial is having in supervising Mr. Bates, and the troubles Mr. Bates is having with regard to his financial and living circumstances that have made strict compliance with supervision difficult, Mr. Bates respectfully asks the Court to modify his conditions of release and remove him from supervision and order him released on his own recognizance, under the mandatory conditions set forth in 18 U.S.C. § 3142(b). Mr. Bates would agree to an additional condition that he remain in contact with his counsel. Mr. Bates is invested in his case and fighting the charge. Mr. Bates believes this is a fair solution to the situation, that such solution is warranted under the totality of the circumstances, and that the proposed conditions reasonably assure his appearance and the safety of the community.

## CONCLUSION

For reasons expressed above, Mr. Bates respectfully requests the court to modify his conditions of release.

Respectfully submitted on February 19, 2021.

*/s/ Robert Hamilton*
Robert Hamilton
Assistant Federal Public Defender
